# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-2665

ISSAC FLORES; KARL B. MANUEL; TYRONE MORRIS; DARNELL PIERCE; BRIAN
SNOWDEN; JAMAR WATERS,
Appellants

v.

BRIAN EMIG ET AL.

_____

Appeal from the U.S. District Court, D. Del.
Judge Gregory B. Williams, No. 1:25-cv-00100

Before: RESTREPO, MONTGOMERY-REEVES, and BOVE, *Circuit Judges*
Submitted Jun. 12, 2026; Decided Jun. 17, 2026
_____

NONPRECEDENTIAL OPINION[*]

BOVE, *Circuit Judge*.  Plaintiffs appeal from the denial of a preliminary injunction

relating to a Correctional Emergency Response Team at a Delaware prison.  The District

Court held that Plaintiffs lacked standing for prospective relief.  We agree and will affirm.

## I.

We assume the parties' familiarity with the underlying facts, procedural history, and

issues on appeal.  Plaintiffs alleged that Defendants and other members of the Response

Team violated their constitutional rights during enforcement activity on September 5 and

6, 2024.  Plaintiffs brought § 1983 claims based on theories of excessive force and failure

---

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not
binding precedent.

to supervise. They also filed a motion for a preliminary injunction seeking to curtail the Response Team's activities. The District Court denied the motion because Plaintiffs did not establish standing. Plaintiffs timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review the denial of a preliminary injunction for abuse of discretion, which includes de novo review of legal conclusions. *Reading v. N. Hanover Twp., New Jersey*, 124 F.4th 189, 195 (3d Cir. 2024).[1]

## III.

The District Court was correct that Plaintiffs lacked standing to pursue prospective injunctive relief relating to future enforcement activities by the Response Team. Plaintiffs failed to show that similar additional harm was "imminent," *i.e.*, that the complained-of injuries from the Response Team's enforcement activities were "*certainly impending*, or there [was] a *substantial risk* that the harm will occur." *Rd.-Con, Inc. v. City of Philadelphia*, 120 F.4th 346, 355 (3d Cir. 2024).

On appeal, Plaintiffs argue that the District Court erred by failing to credit their allegations. But "mere allegations will not support standing at the preliminary injunction stage." *Doe v. Nat'l Bd. of Med. Exam'rs*, 199 F.3d 146, 152 (3d Cir. 1999). In any event, in addition to reviewing the substantial volume of evidence appended to the Complaint, the District Court repeatedly gave Plaintiffs the benefit of the doubt by analyzing what they

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

had "alleged." JA11-13. Plaintiffs' fixation on other word choices in the court's opinion exalts form over substance and is therefore unavailing.

Plaintiffs also argue that they established injury in fact based on the combination of their allegations relating to the September 2024 enforcement operation, the handling of inmate grievances relating to that operation, a 2017 riot at the same prison, and a January 2025 incident in which a member of the Response Team allegedly told a corrections officer that he would shoot one of the Plaintiffs "[i]f he runs" from custody. JA54. These allegations do not pass muster under our precedent, which does not support the "less stringent" standing test Plaintiffs favor. Br. 11, 22, 30. The "predictive value" of past events at the prison was relevant but not sufficient for purposes of standing. *Reading*, 124 F.4th at 197. Because the allegations relating to grievance handling and the January 2025 incident were distinct from the Response Team enforcement activity "of which [Plaintiffs] complain," those allegations were not particularly helpful to Plaintiffs. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014). Plaintiffs did not even suggest that the January 2025 speaker was one of the three Defendants, which resulted in logic that essentially boils down to the "incredible assertion" that "*all*" Response Team members "*always*" act unconstitutionally. *City of Los Angeles v. Lyons*, 461 U.S. 95, 106 (1983). More is required for prospective-relief standing. Accordingly, we will affirm.